UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA WERTHEIM,

    Plaintiff,

v.                          CASE NO.:

JAMES F. POTTER,
In his Official Capacity As
Sheriff of DeSoto County,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Joshua Wertheim, by and through undersigned counsel, brings this action against Defendant, James F. Potter, in his Official Capacity as Sheriff of DeSoto County, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in DeSoto County, Florida.

## PARTIES

4. Plaintiff is a resident of Sarasota County, Florida, and he worked as General Counsel in DeSoto County for Defendant.

5. Defendant is sued in his Official Capacity as Sheriff of DeSoto County, Florida.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

7. At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

8. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

11. Plaintiff has satisfied all conditions precedent, or they have been waived.

12. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff began working for Defendant as General Counsel on or around October 2018.

15. On or around March 27, 2020, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

16. Plaintiff's disability also qualified as a handicap under the FCRA, and as such, Plaintiff is a member of a protected class under the FCRA, who needed a leave of absence or work from home as an accommodation.

17. On or about April 8, 2020, Plaintiff submitted proper medical documentation to Defendant in support of his FMLA leave request to care for himself.

18. On or about April 9, 2020, Defendant approved Plaintiff's FMLA request.

19. On or about April 11, 2020, Defendant sent a letter to Plaintiff that attempted to notify him that Defendant considered him a "key employee" under the FMLA and that it *could* experience substantial and grievous economic injury, but made no attempt to say that it had or, most importantly, provide Plaintiff

with the opportunity to save his job if it was indeed in jeopardy due to an *actual* determination of substantial and grievous economic injury.

20. After receiving the letter on or about April 11, 2020, Mr. Wertheim called Defendant's Human Resources director, Ms. Mares, and asked her specifically if he was being replaced. Ms. Mares unequivocally indicated that Plaintiff was not being replaced and that Defendant *was not* looking for a replacement. She indicated to Mr. Wertheim something to the effect of "Who are we going to hire?"

21. On or about April 27, 2020, Defendant contacted Plaintiff to retrieve the Defendant's vehicle that had been provided to Plaintiff under the guise that the vehicle was needed "for maintenance."

22. Shortly after Defendant approved Plaintiff's FMLA request, Defendant hired a new General Counsel, with less experience and contrary to the required qualifications for the position, to replace Plaintiff on or about April 27, 2020.

23. On April 28, 2020, Defendant informed Plaintiff via letter that Defendant would be denying Plaintiff to his previous post pursuant to 29 C.F.R. § 825.217, as Defendant claimed Plaintiff was a "key employee" pursuant to the FMLA regulations. {Referenced and incorporated herein as Exhibit A}.

24. However, Defendant's April 28, 2020, letter to Plaintiff failed to comply with 29 C.F.R. § 825.219. Specifically, Defendant failed to (1) explain the basis for the Defendant's finding that substantial and grievous economic injury

will result, and (2) provide the employee a reasonable time in which to return to work, taking into account the circumstances, such as the length of the leave and the urgency of the need for the employee to return.

25. On April 30, 2020, Plaintiff received Defendant's letter dated April 28, 2020.

26. Plaintiff immediately set about to meet with Defendant Sheriff Potter on May 1, 2020.

27. On May 4, 2020, Plaintiff received a denial of his request to meet with Defendant Sheriff Potter from Undersheriff Colonel James Vitali, allegedly due to scheduling conflicts for the "foreseeable future."

28. On or about May 5, 2020, Plaintiff's employment was terminated and he was unable to receive notice and opportunity to return to work as provided by the FMLA.

29. Plaintiff exercised his rights under the FMLA by requesting protected FMLA leave.

30. By failing to comply with the FMLA's regulations concerning alleged "key employees" as well as terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

31. Plaintiff realleges and readopts the allegations of paragraphs 1-9, 11-15, and 17-24 of this Complaint, as fully set forth herein.

32. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

33. By failing to comply with 29 C.F.R. § 825.219 and ultimately terminating Plaintiff's employment for requesting FMLA leave, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses

that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

36. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-9, 11-15, and 17-24 of this Complaint, as fully set forth herein.

37. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

38. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

39. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by not complying with 29 C.F.R. § 825.219(b) and terminating Plaintiff's employment.

40. Defendant's actions were willful and done with malice.

41. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

42. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 10-14 and 16-30 of this Complaint, as though fully set forth herein.

43. Plaintiff is a member of a protected class under the FCRA.

44. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

45. Defendant's actions were willful and done with malice.

46. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

  h) All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable.

## COUNT IV—FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

47. Plaintiff realleges and readopts the allegations of Paragraphs 1-5, 10-14 and 16-30 of this Complaint, as though fully set forth herein.

48. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

49. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

50. Defendant's actions were willful and done with malice.

51. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

  ***WHEREFORE*** Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issues and that this Court take jurisdiction over the case;

  c) An injunction restraining continued violation of the law enumerated herein;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained;

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## **COUNT V – FCRA RETALIATION**

52. Plaintiff realleges and readopts the allegations of paragraphs1-5, 10-14 and 16-30 of this Complaint, as though fully set forth herein.

53. Plaintiff is a member of a protected class under the FCRA.

54. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

55. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

56. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a

reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

57. Defendant's actions were willful and done with malice.

58. Defendant took material adverse action against Plaintiff.

59. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 8th day of July, 2021.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**