UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA WERTHEIM,

    Plaintiff,

v.                                      Case No.:  2:21-cv-509-SPC-NPM

JAMES F. POTTER,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff Joshua Wertheim was denied reinstatement after taking leave from his position as general counsel with the DeSoto County Sheriff's Office. So he brought suit against Defendant Sherriff James F. Potter invoking provisions of the Family and Medical Leave Act (FMLA) and Florida Civil Rights Act (FCRA). The parties filed cross-motions for summary judgment, and the Court granted summary judgment to Wertheim on one count and to Potter on the remaining four counts. The Court found that Potter had issued an insufficient key-employee notice to Wertheim, thereby interfering with his rights under the FMLA. Otherwise, the Court found that this action presented run-of-the-mill employment discrimination issues and that Wertheim's FMLA-retaliation and FCRA-disability claims failed as a matter of law. (Doc. 38). The parties then successfully settled damages (Doc. 45), and the Court granted

Wertheim entitlement to fees for prevailing on the one count (Doc. 52). He now moves the Court to determine the amount of fees to be awarded. (Doc. 54). Potter challenges Wertheim's bill of costs (Doc. 55), so the Court takes that up as well.

The Court's starting point for considering attorney's fees is always the American Rule: "each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (cleaned up). But the FMLA provides that the Court "shall . . . allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617. This reasonable-fee provision, like many other federal fee-shifting statutes, is governed by the Supreme Court's lodestar precedent. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (reasoning that Supreme Court "case law construing what is a 'reasonable' fee applies uniformly" to federal, prevailing party, fee-shifting statutes).

The lodestar figure is the product of a two-step inquiry, asking (1) what would a lawyer in this division assess a paying client per hour to provide representation comparable to the legal skill, expertise, and acumen supplied to the plaintiff in this particular case and (2) practicing good billing judgment, how many hours would have been appropriate for the lawyer in this matter to bill such a client for the claim or claims that were successful? *See Perdue v.*

*Kenny A. ex rel. Winn*, 559 U.S. 542, 551-553 (2010); *Dague*, 505 U.S. at 562-567; *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The Court has "wide discretion in performing these calculations[.]" *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Wertheim seeks $450 per hour for the services of attorney Bandon J. Hill. But he has failed to supply adequate information to confirm fair-market rates. *See Mraz v. I.C. Systems, Inc.*, No. 2:18-cv-254-FtM-38NPM, 2021 WL 4086147, at *6 (M.D. Fla. Aug. 23, 2021) (noting that affidavits describing fees as reasonable do not offer any evidence about rates billed and paid in similar lawsuits and therefore provide no evidentiary support for an award). Nonetheless, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at *5 (quoting *Norman*, 836 F.2d at 1303).

Wertheim relies on his counsel's extensive experience practicing employment law, his past fee awards, and the fact that this FMLA action presented a unique issue—the propriety of the key-employee notice—to support the requested $450 rate. Attorney Hill is certainly skilled and

3

experienced. But his past fee awards (he cites three awarding him $550 per hour) provide little guidance to the Court. None of them are from the Fort Myers Division. And none of them involve FMLA claims. Two of the fee awards are from the Tampa Division, and they are both the result of an unopposed fee petition in a class action. The third is an award from the Northern District of Florida. This award was also unopposed—the result of a default judgment. So Hill's past awards are not helpful.

Rates awarded in this Division to experienced counsel in employment disputes are often much lower than Hill's awards. *See Caiazza v. Marceno*, No. 2:18-cv-784-SPC-MRM, 2021 WL 1193166, at *4 (M.D. Fla. Mar. 30, 2021) (finding experienced lawyers in Fort Myers usually earn between $275 and $375 per hour in FLSA cases). And this action does not demand a premium rate. Sure, the key-employee notice is not frequently litigated. But the notice requirements are not complicated. They require, among other things, that an employer's notice give the key employee a reasonable time to return to work. Potter's notice did not do this. So "[t]he outcome here is simple"—Potter interfered with Wertheim's right under the FMLA. (Doc. 38 at 6). Every other court faced with this deficiency has come out the same way. (*Id.* at 9). So the novelty of the action does little to bolster Hill's rate. Nonetheless, given the skill and expertise supplied to the plaintiff in this matter, the Court finds a $400 rate is appropriate.

Fee applicants must exercise "billing judgment" and exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *Mraz*, 2021 WL 4086147, at *12 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)). "When a district court finds the number of hours claimed is unreasonably high, the Court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The Court's goal is "to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). So the Court may take into account the "overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* at 838.

Because Wertheim only prevailed on one of five counts, attorney Hill has voluntarily reduced his hours by 20%. Wertheim also does not seek an award for work performed by other attorneys, paralegals, or time spent litigating fees. The Court appreciates Wertheim's reductions but must further reduce the hours sought to align them with his limited success and narrow entitlement to fees.

This action can largely be divided into two buckets—FMLA claims and FCRA claims. Wertheim prevailed on only one of his two FMLA claims. He lost on all of his FCRA claims. The FMLA claims turned on the key-employee notice. The FCRA claims, on the other hand, turned on whether Wertheim was

5

disabled (or had an objectively reasonable belief he was disabled) under that statute. While there was some factual overlap, the claims were not intertwined. So the Court must reduce Hill's hours to ensure he does not recover for time spent on the unsuccessful claims. Indeed, Hill concedes as much when he offers to take a 20% cut. But he does not go far enough. Accordingly, an across-the-board reduction of an additional 20% (bringing the total reduction to 40%) is warranted.

Federal Rule of Civil Procedure 54(d)(1) codifies the "venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 377 (2013). It provides that costs "should be allowed to the prevailing party" unless federal law or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). While using "should" makes clear that "whether to award costs ultimately lies within the sound discretion of the district court," *Marx*, 568 U.S. at 377, if a court exercises its discretion to deny full costs, it "must have and state a sound basis," *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).

Section 1920 of Title 28 of the United States Code limits a district court's discretion under Rule 54(d)(1) by allowing costs only for:

    (1)    Fees of the clerk and marshal;
    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3)    Fees and disbursements for printing and witnesses;
    (4)    Fees for exemplification and the costs of making copies of

>    any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Generally, a court may decline to allow costs in § 1920 but may not allow costs not in § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442-443 (1987).

Wertheim seeks his $402 filing fee, $80 for process server fees, $2,803 for court reporter fees, and $823.50 for his half of the mediator's fee. (Doc. 53). Potter does not object to the filing or process-server fees. As for the court-reporter fees, given the "venerable presumption" under Rule 54(d)(1) that a prevailing party should recover its costs, and the FMLA's provision providing for costs, Potter (not Wertheim) has the burden of persuading the Court that those costs are not taxable. The Court is not convinced. Such costs are routinely taxed when the deposition transcripts are obtained for use in the case and not just for convenience or investigation. Two of the four depositions at issue are depositions of the parties, and the parties cited all four depositions in their summary-judgment briefs. So the Court taxes the court-reporter costs.

As for the mediation cost, this cost is not enumerated under § 1920. But the Court will allow the award under the FMLA's broader grant of "other costs of the action." 29 U.S.C. § 2617(a)(3); *see also Evans v. Books-A-Million*, 762

F.3d 1288, 1299 (11th Cir. 2014) (holding that a similar ERISA cost-shifting provision, rather than § 1920, allows an award for mediation costs). And the Court will not sift through each of Wertheim's costs to determine which costs are associated with each count. *See Absolute Activist Value Master Fund Ltd. v. Devine*, No. 215-cv-328FTM29MRM, 2019 WL 3491962, at *3 (M.D. Fla. Aug. 1, 2019), *aff'd*, 826 F. App'x 876 (11th Cir. 2020) (finding that prevailing-party status under Rule 54(d) "relates to the case, not just individual counts within the federal case.").

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Supplemental Motion for Attorney's Fees (Doc. 54) is **GRANTED** in part, and the Clerk is **directed** to amend the judgment in favor of Plaintiff to add an award of fees in the amount of $47,088.

2. The Clerk is also **directed** to complete, execute, and separately docket the first page of Doc. 53 (Plaintiff's Bill of Costs) to tax $4,108.50 for costs.

**DONE** and **ORDERED** in Fort Myers, Florida on September 12, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record